United States District Court
For the Northern District of California

1

2

3

4             IN THE UNITED STATES DISTRICT COURT

5           FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   BAY AREA PAINTERS AND TAPERS        )  Case No. 11-2086 SC
    PENSION TRUST FUND, et al.,         )
8                                       )  ORDER DENYING APPLICATION
               Plaintiffs,              )  FOR DEFAULT JUDGMENT
9                                       )
        v.                              )
10                                      )
    JACK HARRIS DRYWALL, INC.,          )
11                                      )
               Defendant.               )
12                                      )
13  _____ )

14

15  I.    **INTRODUCTION**

16        Plaintiffs Bay Area Painters and Tapers Pension Trust Fund, et

17  al. ("Plaintiffs") seek entry of Default Judgment against Defendant

18  Jack Harris Drywall, Inc. ("Defendant").  ECF No. 14 ("Mot. for

19  Default J.").  Having considered the papers submitted, the Court

20  concludes that entry of Default Judgment against Defendant is

21  inappropriate because Plaintiffs have failed to effectuate proper

22  service.  Therefore, the Court DENIES Plaintiffs' Application

23  WITHOUT PREJUDICE.

24

25  II.   **BACKGROUND**

26        Plaintiffs filed the Complaint on April 28, 2011 alleging

27  violations of the Employee Retirement Income Security Act

28

**United States District Court**
For the Northern District of California

1  ("ERISA").  ECF No. 1 ("Compl.").  On the following day they served

2  a summons on Defendant's agent for service of process by personal

3  service.  ECF No. 9.  After Defendant did not file a responsive

4  pleading or otherwise appear in the case, Plaintiffs requested

5  entry of default on May 23, 2011.  ECF No. 12.  The Clerk of the

6  Court entered default on May 26, 2011.  ECF No. 13.  Plaintiffs

7  then filed an application for default judgment on July 20, 2011

8  and, on the same day, served the application on Defendant by First

9  Class U.S. Mail.  ECF No. 14; ECF No. 19.

10      The following allegations are taken from Plaintiffs'

11  Complaint.  Plaintiffs are employee benefit plans, as defined by

12  ERISA, and their trustees, fiduciaries, administrators, and

13  beneficiaries.  Compl. ¶¶ 1-3, 12-13.  Defendant is a California

14  corporation and an employer under ERISA and the National Labor

15  Relations Act ("NLRA").  Id. ¶ 5.

16      Plaintiffs and Defendant are parties to a collective

17  bargaining agreement requiring Defendant to regularly pay

18  Plaintiffs certain sums of money, the amounts of which are

19  determined by the hours worked by Defendant's employees, among

20  other things.  Id. ¶ 14.  The collective bargaining agreement

21  provides that Defendant is to pay liquidated damages in the amount

22  of ten percent for each delinquent contribution.  Id.  Pursuant to

23  trust documents incorporated into the agreement, liquidated damages

24  increase to twenty percent for each delinquent contribution which

25  is the subject of litigation.  Id.  Additionally, interest accrues

26  on delinquent contributions at rates which are to be reasonably set

27  by the Plaintiffs.  Id.  Defendant also agreed to permit

28

United States District Court
For the Northern District of California

1  Plaintiffs' representatives to examine necessary records to

2  determine whether Defendant has made full payment owed under the

3  agreement and to pay audit fees.  Id. ¶ 15.

4      Plaintiffs allege that an audit of Defendant's payroll

5  revealed that Defendant failed to pay amounts due under the

6  collective bargaining agreement for the period of January 1, 2007

7  through March 31, 2010 and that Defendant has refused to pay the

8  delinquent amounts, liquidated damages, or interest due.  Id. ¶¶

9  19-20.  Plaintiff brings this action alleging violations of the

10 bargaining agreement; ERISA § 515, 29 U.S.C. § 1145; and the Labor

11 Management Relations Act ("LMRA") § 301(a), 29 U.S.C. § 185(a).

12 Id. ¶ 18.  Plaintiffs seek all unpaid contributions due for hours

13 worked, liquidated damages, interest on unpaid contributions,

14 attorneys' fees and costs, and audit costs.  Id. at 6-7.

15

16 **III.  LEGAL STANDARD**

17     After entry of a default, the Court may enter a default

18 judgment.  Fed. R. Civ. P. 55(b)(2).  Its decision whether to do

19 so, while discretionary, Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th

20 Cir. 1980), is guided by several factors.  "As a preliminary

21 matter, the court must assess the adequacy of the service of

22 process on the party against whom default is requested."  Bd. of

23 Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. 00-0395,

24 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).

25

26 **IV.  DISCUSSION**

27     Federal Rule of Civil Procedure 4(c)(1) provides that "[a]

28

3

summons must be served with a copy of the complaint."  Service of a summons without a copy of the full complaint constitutes ineffective service of process.  See W. Coast Theater Corp. v. Portland, 897 F.2d 1519, 1529 (9th Cir. 1990); see also Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).  The Rules further provide that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A).

Here, copies of the summons were personally delivered to Richard Scarlott, the agent for service of process for Defendant, on April 29, 2011.  ECF No. 9.  There is no indication that a copy of the Complaint was served on Defendant.  Because Plaintiffs have failed to serve the Complaint on Defendant in accordance with Rule 4, service of process is inadequate and entry of default judgment is inappropriate.

///

///

///

///

///

///

///

///

///

///

///

///

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

**V.**   **CONCLUSION**

The Court DENIES Plaintiffs' Application for Default Judgment WITHOUT PREJUDICE and VACATES the Entry of Default filed on May 26, 2011.  The Court GRANTS Plaintiffs 30 days leave to properly serve Defendant in accordance with the Federal Rules of Civil Procedure. The Court further GRANTS Plaintiffs leave to re-file an application for an entry of default if Defendant fails to respond to a properly served complaint in the time period specified by the Federal Rules of Civil Procedure.  If default is entered, Plaintiffs may re-file an application for default judgment with proof of proper service.

IT IS SO ORDERED.

Dated: September 9, 2011

_____
UNITED STATES DISTRICT JUDGE