IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al., | ) ) ) | Case No. 11-2086 SC |
| Plaintiffs, | ) ) ) | ORDER GRANTING REQUEST FOR SUA SPONTE REVIEW OF DENIAL OF MOTION FOR DEFAULT JUDGMENT |
| v. | ) ) | |
| JACK HARRIS DRYWALL, INC., | ) ) | |
| Defendant. | ) ) | |

Before the Court is a Request for Sua Sponte Review brought by Plaintiffs Bay Area Painters and Tapers Pension Trust Fund, et al. ("Plaintiffs"). ECF No. 27 ("Request"). For the reasons set forth below, the Court GRANTS Plaintiffs' Request.

On July 20, 2011 Plaintiffs brought a motion for Default Judgment against Defendant Jack Harris Drywall, Inc. ("Defendant"). ECF. No. 20 ("Mot."). On September 9, 2011, the Court denied the Motion on the grounds that Plaintiffs had failed to effectuate proper service on Defendant. ECF No. 25 ("Order") at 3-4. Rule 4 of the Federal Rules of Civil Procedure provides that, to effect proper service, a plaintiff must serve both a summons and a copy of the complaint on the defendant. Fed. R. Civ. P. 4(c)(1). The Proof of Service Plaintiffs previously filed with the Court offers

1 | no indication that a copy of the Complaint had been served on
2 | Defendant.  ECF No. 9 ("Proof of Service"); Order at 4.
3 |     Now Plaintiffs request leave to file a motion for
4 | reconsideration, or alternatively, request sua sponte review of the
5 | Court's denial of Plaintiffs' Motion.  Request at 1.  Plaintiffs
6 | state that, due to a filing error, the last page of the Proof of
7 | Service was not filed with the rest of the document.  Id. at 2.
8 | Plaintiffs claim that this last page shows that the Complaint,
9 | along with all related and required documents, had been properly
10 | served on Defendant.  Id. at 2, Ex. A.  Plaintiffs contend that
11 | they were unaware that the final page of the Proof of Service was
12 | not filed until after the Court denied the Motion.  Id. at 2.
13 |     The Court has the inherent power to reconsider, rescind, or
14 | modify interlocutory orders.  City of Los Angeles v. Santa Monica
15 | BayKeeper, 254 F.3d 882, 886 (9th Cir. 2001).  Denial of a motion
16 | for default judgment constitutes such an interlocutory order.
17 | Alexander v. Pacific Maritime Ass'n, 332 F.2d 266, 268 (9th Cir.
18 | 1964).  Accordingly, the Court may, sua sponte, reconsider its
19 | denial of Plaintiff's Motion.  In this case, reconsideration is in
20 | the interest of justice since, if the Court's Order stands,
21 | judgment will be delayed and Plaintiff will incur additional fees
22 | and costs due to a missing page in an electronic filing.
23 |     For the foregoing reasons, the Court GRANTS Plaintiffs'
24 | Request for Sua Sponte Review of Denial of Motion for Default
25 | Judgment (ECF No. 27).  Within thirty (30) days of this Order,
26 | Plaintiffs Bay Area Painters and Tapers Pension Trust Fund, et al.,
27 | shall file with the Court their corrected Proof of Service along
28 |

with a declaration verifying the corrected Proof of Service and describing the filing error relative to the original Proof of Service (ECF No. 9). The Court shall reconsider its ruling on the Motion for Default Judgment once the corrected Proof of Service and declaration are filed and will notify counsel when a ruling is made.

IT IS SO ORDERED.

Dated: September 22, 2011   
_____
UNITED STATES DISTRICT JUDGE